Henry v New Jersey Tr. Corp. (2021 NY Slip Op 03527)





Henry v New Jersey Tr. Corp.


2021 NY Slip Op 03527


Decided on June 03, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 03, 2021

Before: Acosta, P.J., Gische, Webber, González, JJ. 


Index No. 156496/15 Appeal No. 13387 Case No. 2020-00380 

[*1]Kathleen Henry, Plaintiff-Respondent,
v
New Jersey Transit Corporation, et al., Defendants-Appellants, Chen Nakar, Defendant.


McGivney Kluger Clark & Intoccia, P.C., New York (Dean L. Pillarella of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, New York (Brian J. Isaac of counsel), for respondent.



Order, Supreme Court, New York County (Lillian Wan, J.), entered on or about July 3, 2019, which, inter alia, denied defendants New Jersey Transit Corporation and Rennaud Pierrelouis's posttrial motion to set aside the jury's damages award of $400,000 for past pain and suffering and $400,00 for future (21 years) pain and suffering and order a new trial on damages or, alternatively, to reduce the damages awards, unanimously affirmed, without costs.
Defendant New Jersey Transit waived its sovereign immunity defense (see Belfond v Petosa, ___ AD3d ___ [1st Dept 2021] [decided herewith]). It did not place plaintiff or the court on notice of the defense by asserting it in its responsive pleadings, during pretrial litigation, at trial or in its posttrial motion. Indeed, it raised the issue for the first time on appeal. As the defense pre-dates Franchise Tax Bd. of California v Hyatt ( ___ US ___, 139 S Ct 1485 [2019]), and thus was available at the time New Jersey Transit served its answer, "[its] litigation conduct induced substantial reliance on that conduct by plaintiff and our court, and is inescapably a clear declaration to have our courts entertain this action" (Belfond, ___ AD3d at ___).
The jury's damages awards do not deviate materially from what would be reasonable compensation (CPLR 5501[c]; see, e.g. Thompson v Toscano, 166 AD3d 446 [1st Dept 2018]; Jones v New York Presbyt. Hosp., 158 AD3d 474 [1st Dept 2018]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 3, 2021